[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 1, 2008
THOMAS K. KAHN
CLERK

No. 07-15997
Non-Argument Calendar

_____

D. C. Docket No. 07-00061-CR-TWT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY MICHAEL RAMUNNO, JR.,
a.k.a. Mick Ramunno,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(August 1, 2008)**

Before BIRCH, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Anthony Ramunno appeals from his sentence of 235 months' imprisonment for

mail and wire fraud, in violation of 18 U.S.C. §§ 1341 and 1343.  On appeal, he

contends that the district court, in calculating his guideline sentencing range, erred by applying a four-level enhancement for violation of commodities laws, pursuant to U.S.S.G. § 2B1.1(b)(15)(B). After thorough review, we affirm.

We review a district court's factual findings for clear error and its application of the Sentencing Guidelines de novo. United States v. Lozano, 490 F.3d 1317, 1321 (11th Cir. 2007). Clear error exists where we are "left with a definite and firm conviction that a mistake has been committed." United States v. Crawford, 407 F.3d 1174, 1177 (11th Cir. 2005) (citation omitted).

Section 2B1.1(b)(15) of the Sentencing Guidelines provides for a four-level increase in a defendant's offense under the following circumstances:

If the offense involved -- [. . .]

> (B) a violation of commodities law and, at the time of the offense, the defendant was (i) an officer or a director of a futures commission merchant or an introducing broker; (ii) a commodities trading advisor; or (iii) a commodity pool operator [. . .]

U.S.S.G. § 2B1.1(b)(15). Comment 14 notes that "commodities trading advisor" and "commodity pool operator" have the meanings given to those terms by the Commodities Exchange Act, 7 U.S.C. § 1a. U.S.S.G. § 2B1.1 cmt. n.14. That statute defines the terms as follows:

(5)     Commodity pool operator. The term "commodity pool operator"

2

means any person engaged in a business that is of the nature of an investment trust, syndicate, or similar form of enterprise, and who, in connection therewith, solicits, accepts, or receives from others, funds, securities, or property, either directly or through capital contributions, the sale of stock or other forms of securities, or otherwise, for the purpose of trading in any commodity for future delivery on or subject to the rules of any contract market or derivatives transaction execution facility, except that the term does not include such persons not within the intent of the definition of the term as the Commission may specify by rule, regulation, or order.

(6) Commodity trading advisor.

    (A)    In general. Except as otherwise provided in this paragraph, the term "commodity trading advisor" means any person who --

        (i)    for compensation or profit, engages in the business of advising others, either directly or through publications, writings, or electronic media, as to the value of or the advisability of trading in --

            (I) any contract of sale of a commodity for future delivery made or to be made on or subject to the rules of a contract market or derivatives transaction execution facility;

            (II) any commodity option authorized under section 6c [7 USCS § 6c]; or

            (III) any leverage transaction authorized under section 23 [7 USCS § 23]; or

        (ii)    for compensation or profit, and as part of a regular business, issues or promulgates analyses or reports concerning any of the activities referred to in clause (i).

7 U.S.C. § 1a(5) and (6).

We find no merit to Ramunno's argument. As an initial matter, the definitions of commodity pool operator and commodity trading advisor do not require that a person who qualifies as one be registered or licensed as one. See 7 U.S.C. § 1a(5) and (6). Thus, Ramunno's assertion that he was not registered as either entity has no bearing on whether the district court correctly applied the enhancement.

Moreover, the district court found that Ramunno was both a commodity pool operator and a commodity trading advisor based on its uncontested factual findings that Ramunno (a) solicited money from investors by holding himself out as a successful commodities trader, (b) accepted money from investors, (c) advised investors in the merits of trading in commodities, and (d) issued earning reports to investors. Because Ramunno did not contest any of these underlying facts, which plainly support the district court's finding that Ramunno was a commodity pool operator and a commodity trading advisor, the district court did not err by finding that he was eligible for the commodities law enhancement in § 2B1.1(b)(15)(B). Accordingly, we affirm Ramunno's sentence.

**AFFIRMED.**